UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES LAMAR BLACKWELL,

    Plaintiff,

v.

PUBLIC ACCESS TO COURT
ELECTRONIC RECORDS
(PACER)

    Defendant.

Case No. 18-11454
Hon. Terrence G. Berg

**OPINION AND ORDER DISMISSING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)(2)**

Plaintiff Charles Lamar Blackwell ("Blackwell"), proceeding *pro se*, filed the instant lawsuit along with an application to proceed *in forma pauperis*. Dkt. 1.

### A. Plaintiff's Application to Proceed Without Prepaying Fees

Plaintiff has filed an application to proceed *in forma pauperis,* or without the prepayment of fees. Dkt. 2. Pursuant to 28 U.S.C. § 1915(a)(1):

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets . . . [and] that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1). If an application to proceed *in forma pauperis* is filed along with a facially sufficient affidavit, the Court should permit the complaint to be filed. *See Gibson v. R.G. Smith Co.,* 915 F.2d 260, 261 (1990). Once the complaint has been filed, it is then tested to determine whether it is frivolous or if it fails to state a claim upon which relief can be granted. *See Gibson,* 915 F.2d at 261. The Court finds that Plaintiff's application to proceed without the prepayment of fees, Dkt. 2, is facially sufficient; therefore, the Court will grant Plaintiff's motion to proceed *in forma pauperis.*

### B. Dismissal Under § 1915(e)(2)

Although courts are directed to construe a *pro se* litigant's complaint liberally, *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), *pro se* litigants are nevertheless required to plead facts sufficient to show that a legal wrong has been committed that can be remedied under the law. *See* Fed. R. Civ. P. 12(b)(6). Congress provides in 28 U.S.C. § 1915(e)(2) that a court "shall dismiss the case" if it finds that a plaintiff proceeding *in forma pauperis* has filed a complaint that: 1) fails to state a claim upon which relief may be granted, 2) seeks monetary relief against a defendant who is immune from such relief, or 3) reflects an action that is frivolous or malicious. 28 U.S.C. § 1915(e)(2).

Plaintiff's complaint states that he is a student enrolled at Schoolcraft College and requests the Court's "approval to be able to use the (PACER) system and be exempt from fees for a time period of 12 months." Dkt. 1, Pg. ID 6. Plaintiff states that he is aware of an existing balance that he has with PACER, and explains that he will attempt to resolve that balance as soon as he can. *Id.* Finally, Plaintiff states that "I'm indigent now and I'm asking the Court for Exemption Status so that I can use it for my college course work and the interest of public disclosure without the heavy financial burden." *Id.*

The Electronic Public Access Fee Schedule—issued in accordance with 28 U.S.C. §§ 1913, 1914, 1926, 1930, and 1932—provides that:

> Courts may exempt certain persons or classes of persons from payment of the user access fee. Examples of individuals and groups that a court may consider exempting include: indigents, bankruptcy case trustees, *pro bono* attorneys, *pro bono* alternative dispute resolution neutrals, Section 501(c)(3) not-for-profit organizations, and individual researchers associated with educational institutions.

*See* Electronic Public Access Fee Schedule ¶ 9, *available at* https:// www.pacer.gov/documents/epa_feesched.pdf. Neither the Electronic Public Assess Fee Schedule nor the underlying statutes create a private right of action which would allow an individual to bring suit to obtain such a fee exemption. Here, Plaintiff's request

3

for fee-exempt PACER access is not connected to an underlying lawsuit involving Plaintiff; rather, it reflects the entirety of Plaintiff's lawsuit before this Court. Moreover, Plaintiff's complaint fails to allege facts which would lead this Court to reasonably infer that the Defendant, PACER, is "liable for the alleged misconduct," to state a valid claim for relief. *See Ashcroft v. Iqbal*¸ 556 U.S. 662, 678 (2009).

Upon reviewing Plaintiff's complaint, and for the reasons expressed in this order, the Court finds that the complaint fails to plead facts sufficient to show that a legal wrong has been committed that can be remedied under the law. The Court therefore finds that the Complaint fails to state a claim on which relief may be granted, and dismisses it pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Iqbal*, 556 U.S. at 678; Fed. R. Civ. P. 12(b)(6).

However, there may be a solution to the problem that appears to have prompted Plaintiff to file this case: he can seek an exemption based on his indigency. Therefore, the Court directs Plaintiff to send a letter with his request for fee-exempt PACER access to David Weaver, the Court Administrator and Clerk of Court for the United States District Court for the Eastern District of Michigan.[1] Upon receipt, David Weaver will review the request

---

[1] Plaintiff shall direct his request to the Clerk's Office:

4

and determine whether a discretionary fee waiver shall be granted to Plaintiff.

Accordingly, it is **ORDERED** that Plaintiff's Complaint, Dkt. 1, is **DISMISSED WITH PREJUDICE.**

**SO ORDERED.**

Dated: June 14, 2018

s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

## Certificate of Service

I hereby certify that this Order was electronically filed, and the parties and/or counsel of record were served on June 14, 2018.

s/A. Chubb
Case Manager

---

United States District Court for the Eastern District of Michigan
Attn: Clerk's Office, David Weaver
Theodore Levin U.S. Courthouse
231 W. Lafayette Blvd., Room 564
Detroit, MI 48226.